UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE FENDERSON,

    Plaintiff,                            CIVIL ACTION NO. 15-cv-13219

vs.

                                          MAGISTRATE JUDGE MONA K. MAJZOUB
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

Plaintiff George Fenderson seeks judicial review of Defendant the Commissioner of Society Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 16).  Plaintiff also filed a response to Defendant's Motion.  (Docket no. 17.)  With consent of the parties, this case has been referred to the undersigned for final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.  (Docket no. 10.)  The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Opinion and Order.

**I.**    **Procedural History**

On December 4, 2012, plaintiff protectively filed an application for supplemental security

1

income, alleging that he had been disabled since December 31, 2005.1 (*See* TR 88-94.) The Social Security Administration denied benefits, and Plaintiff requested a *de novo* hearing, which was held on May 5, 2014, before Administrative Law Judge (ALJ) J. William Callahan, who subsequently found that Plaintiff was not entitled to benefits because there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment at Step Two of the sequential analysis. (TR 9-18.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced an action for judicial review in this Court. (*See* TR 1-6; Dkt. 1.)

## II.  Plaintiff's Testimony and the Medical Evidence of Record

Plaintiff (docket no. 15 at 6-8), Defendant (docket no. 16 at 2-4), and the ALJ (TR 14-16) each set out a factual recitation with regard to Plaintiff's hearing testimony and the relevant medical record. Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies between these recitations of the record. Therefore, the Court will incorporate these factual recitations by reference and will include any comments and citations as necessary throughout this Opinion and Order.

## III.  Administrative Law Judge's Determination

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 4, 2012, the application date. (TR 14.) Next, the ALJ determined at Step Two that there were no medical signs or laboratory findings to substantiate the existence of a medically

---

1 Plaintiff claims that he amended his onset date to August 29, 2011; however, regardless of his onset date, plaintiff is only eligible for SSI benefits starting at the time he filed his application, i.e., December 4, 2012. *See* C.F.R. § 416.202(g).

determinable impairment. (*Id*.) As such, the ALJ concluded that the claimant had not been under a disability, as defined in the Social Security Act, since December 4, 2012, the date of the application was filed. (TR 16.)

### IV.     Vocational Expert Testimony

The vocational expert (VE) described Plaintiff's past work as being an inspector of auto parts, which is classified as light, semi-skilled; and as an industrial cleaner, medium, unskilled. (TR 42.) With an RFC of medium, the VE testified that Plaintiff could perform both of his previous jobs. If his RFC were medium, but limited to simple, routine, repetitive tasks, the VE testified that Plaintiff could perform the cleaning job only. If the RFC were light, without any further limitations, Plaintiff could perform the inspection job only. If the RFC were light, but limited to simple, routine, repetitive tasks, he could not perform any of his prior work. Plaintiff's attorney asked the VE to consider a hypothetical individual who was limited to simple unskilled work, but who was only capable of being on his feet in terms of standing for two hours out of an eight hour workday. The VE testified that this hypothetical plaintiff would be unable to perform the inspector job because as usually performed, that job would require standing. (TR 43.)

### V.     Law and Analysis

#### A.     Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a

3

preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

  **B.**  **Framework for Social Security Determinations**

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis.  In the first four steps, Plaintiff was required to show that:

  (1)  Plaintiff was not presently engaged in substantial gainful employment; and

  (2)  Plaintiff suffered from a severe impairment; and

  (3)  the impairment met or was medically equal to a "listed impairment;" or

  (4)  Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

4

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL

2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be remanded because (1) the ALJ made an improper Step Two determination by concluding that Plaintiff's impairments were non-severe; and (2) the ALJ erred when he did not consider Plaintiff's lack of medical insurance. (Docket no. 15 at 10-13.) The Commissioner says that Plaintiff did not seek any medical treatment during the period of issue in this case. Indeed, all of the medical records in Plaintiff's file precede his SSI application date of December 2012. The Commissioner argues that the ALJ's finding of no medically-determinable impairment should be upheld because plaintiff failed to prove the severity of his impairments and, in fact, the record shows a lack of treatment during the period at issue and otherwise normal objective findings.

### 1. The ALJ's Step Two Determination

As set forth above, the ALJ determined that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. (TR 14.) Because the ALJ concluded that Plaintiff did not have a severe impairment at Step Two of the sequential analysis, he did not proceed further with the disability analysis. Plaintiff argues that this conclusion is not supported by substantial evidence.

At Step Two of the sequential analysis, the ALJ must consider whether a claimant has a severe impairment and whether the impairment(s) meets the twelve month durational requirement in 20 C.F.R. § 404.1509. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Simpson v. Comm'r of Soc. Sec.*, 344 Fed. Appx. 181, 188 (6th Cir. 2009) ("At step two, if a claimant does not have a severe medically determinable physical or mental impairment . . . that meets the durational requirement in § 404.1509 . . ., or a combination of impairments that is severe and meets the

6

durational requirement, then [he] is not disabled."). "To surmount the step two hurdle, the applicant bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that the applicant was 'disabled' as defined by the Act. . . ." *Despins v. Comm'r of Soc. Sec.*, 257 Fed. Appx. 923, 929 (6th Cir. 2007). A "severe" impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities are defined in the regulations as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Examples include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in routine work settings. *See id.*

In the Sixth Circuit, Step Two of the sequential disability process is considered a "*de minimis* hurdle" designed to subject to dismissal only those claims that are "totally groundless" from a medical standpoint. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 n.2 (6th Cir. 2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)). An impairment "can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* As the Sixth Circuit has recognized, "this lenient interpretation of the severity requirement in part represents the courts' response to the Secretary's questionable practice in the early 1980s of using the step two regulation to deny meritorious claims without proper vocational analysis." *Long v. Apfel*, 1 Fed. App'x 326, 331 (6th Cir. 2001) (citation omitted). Nonetheless, not all impairments are severe: "The mere existence of . . . impairments . .

. does not establish that [the claimant] was significantly limited from performing basic work activities for a continuous period of time." *Despins*, 257 Fed. App'x at 930 (citations omitted). "In considering whether a claimant has a severe impairment, an ALJ must not accept unsupported medical opinions or a claimant's subjective complaints." *Younan v. Comm'r of Soc. Sec.*, 2012 WL 5439286, at *8 (E.D. Mich. Aug. 14, 2012) (citing *Weckbacher v. Comm'r of Soc. Sec.*, 2012 WL 2809697, at *9 (S.D. Ohio July 10, 2012)), *adopted by* 2012 WL 5439280 (E.D. Mich. Nov. 7, 2012).

The ALJ here addressed each of Plaintiff's alleged medically determinable impairments and found that they were not "severe," and thus found that Plaintiff was not disabled at Step Two of the sequential evaluation. In assessing the severity of the impairments, the ALJ considered a December 11, 2010 visit to Sinai Grace Hospital where Plaintiff complained of swelling, pain and redness in his right arm. (TR 15.) At that time, Plaintiff denied shortness of breath, chest pain, headaches, nausea, vomiting, palpitation, abdominal pain and dysuria. An X-ray of Plaintiff's right arm revealed minimal soft-tissue swelling, but no fracture. Plaintiff was treated for cellulitis with IV antibiotics and Bactrim. His swelling improved and he was discharged in stable condition. The ALJ also considered a return visit to Sinai Grace Hospital on March 27, 2012, when Plaintiff complained of left groin pain after moving his mother in a wheelchair. (TR 15.) A physical examination revealed positive straight leg raising for hip pain. There were no signs of sensory loss or significant motor weakness and deep tendon reflexes were intact. X-rays of the left femur revealed no evidence of acute fractures or dislocations. X-rays of the lumbar spine revealed multilevel disc degeneration but no critical canal or formanial narrowing. The ALJ further noted that at the time of the treatment, Plaintiff stated that he did not have any medical

8

issues.  On November 15, 2011, Plaintiff was examined by Bina Shaw, M.D., who indicated impressions of low back pain and tumor on his neck needing excision and biopsy.  Dr. Shaw opined that Plaintiff was capable of sitting, standing, walking, bending minimally and lifting ten pounds without difficulty.   He further opined that Plaintiff was capable of working an eight hour workday.  (TR 15; citing Ex. 2F.)   The ALJ gave the opinions of Dr. Shaw no weight because they were based on Plaintiff's subjective complaints, because Plaintiff has not received any treatment for neck or back pain, and because his physical examination was unremarkable.  On November 15, 2011, Plaintiff underwent a psychiatric examination performed by David Hayter, Ph.D.  (TR 15.)  Dr. Hayter diagnosed Plaintiff with adjustment disorder with depressed mood and anxiety.  Dr. Hayter also limited Plaintiff to simple, routine, repetitive, concrete, tangible tasks.  The ALJ gave Dr. Hayter's opinions no weight as they were based solely on Plaintiff's subjective complaints and because Plaintiff had not received any mental health treatment whatsoever.  In sum, the ALJ concluded that there was no evidence to support a medically determinable impairment.  (TR 15.)  As of March 27, 2012, Plaintiff stated that he had no medical issues and the ALJ found no evidence to suggest any change in Plaintiff's condition since that time (i.e., after Plaintiff filed his SSI application).   The ALJ noted that plaintiff was treated on one occasion for gout pain in his right upper extremity, which was completely relieved with Motrin.

Plaintiff does not offer any medical evidence contradicting the ALJ's findings, but instead relies on his own testimony that he experiences gout attacks two to three times per month (TR 34), has a cyst on the back of his neck that causes pain and prevents movement of his head (TR 29), back pain on a daily basis that requires him to use a cane (TR 32), and shortness of breath when he

9

exerts himself in damp weather (TR 38-39). However, Plaintiff's testimony, standing alone, is insufficient to establish that the ALJ erred in finding that Plaintiff's physical impairments were not severe. *See Younan*, 2012 WL 5439286, at *8 ("In considering whether a claimant has a severe impairment, an ALJ need not accept unsupported medical opinions or a claimant's subjective complaints."). It is well-settled that the mere existence of an impairment does not mean that the impairment is severe within the meaning of the second sequential step, and "[w]hen doctors' reports contain no information regarding physical limitations on the intensity, frequency, and duration of pain associated with a condition, [the Sixth Circuit] has regularly found substantial evidence to support a finding of no severe impairment." *See Long*, 1 Fed. Appx. at 331. Accordingly, the undersigned concludes that the ALJ's opinion that plaintiff's physical impairments are not "severe" is consistent with and supported by the record evidence, and should be affirmed.

Plaintiff also suggests that the ALJ did not consider the combined effects of his impairments at Step Two; however, that is belied by the fact that the ALJ specifically noted that he considered plaintiff's condition "as a whole" yet determined that there was no evidence to support a medically determinable impairment. (TR 15.) Also, as noted by the Commissioner, Plaintiff does not cite any evidence showing how a combination of complaints or reported symptoms would alter the ALJ's decision. For both of these reasons, the undersigned rejects Plaintiff's argument.

Finally, Plaintiff claims that the ALJ erred for not considering his lack of medical insurance; however, the record is clear that Plaintiff had health insurance for at least a portion of the relevant period. Indeed, at the May 2014 hearing, Plaintiff testified that he has had insurance since January 2014. (TR 34.) Despite having insurance, even for a short time, there is no

evidence that Plaintiff sought any form of medical treatment. Moreover, for periods where Plaintiff may have lacked insurance, he has failed to direct the court to evidence that he lacked the funds or resources to obtain treatment.

Importantly, the ALJ did not rely solely on Plaintiff's lack of treatment, but on the objective medical findings that Plaintiff reported no medical problems other than short-lived groin pain when he was seen at Sinai Grace Hospital in March 2012. (TR 126.) His "past medical history" at the time was deemed "unremarkable" and plaintiff has undergone no further treatment since that time. (TR 153.) Thus, even if the ALJ did not discuss the fact that Plaintiff lacked insurance for a portion of the relevant time period, his decision is nevertheless supportable. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (misreading of evidence harmless where substantial evidence otherwise supports the decision).

For the above reasons, **IT IS ORDERED**, that Plaintiff's Motion for Summary Judgment [15] is **DENIED** and that Defendant's Motion for Summary Judgment [16] is **GRANTED**.

Dated: September 28, 2016      s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 28, 2016      s/ Lisa C. Bartlett
                               Case Manager